**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **PAUL EDWARD TORNERO,** | : | |
| **Petitioner** | : | |
| | : | **CIVIL ACTION NO. 3:15-1587** |
| **v.** | : | |
| | : | **(Judge Mannion)** |
| **LEBANON COUNTY COURT** | : | |
| **OF COMMON PLEAS,** | | |
| **Respondent** | : | |

**MEMORANDUM**

On August 5, 2015,[1] petitioner, Paul Edward Tornero, an inmate presently confined in the Belmont Correctional Institution, St. Clairsville, Ohio, filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. §2254. (Doc. 1). Petitioner was formerly confined at the State Correctional Institution at Camp Hill, Pennsylvania ("PA"). He attacks his 2010 conviction and sentence imposed by the Court of Common Pleas for Lebanon County, PA. On November 6, 2015, petitioner completed and filed a *Miller/Mason* Notice of Election indicating that he labeled his petition as one under §2254, and that he chose to have the court rule on it as filed. (Doc. 10). *See* United States v. Miller, 197 F.3d 644 (3d Cir. 1999); Mason v. Meyers, 208 F.3d 414 (3d Cir. 2000).

After a show cause order was issued, the Lebanon County District Attorney filed a response to the habeas petition with exhibits and consisting

---

1. Since the habeas petition was signed by petitioner on August 5, 2015, under the prison mailbox rule, the court construes the petition as being filed on that date. *See* Bond v. Visionquest, 410 Fed.Appx. 510 (3d Cir. 2011).

of the state court record, (Doc. 15), as well as a brief in support, (Doc. 16).

Petitioner then filed a traverse. (Doc. 17). Tornero's habeas petition will be

dismissed as untimely, and the court notes that he has not identified any

possible basis for equitable tolling.

I.    **Background**

The Lebanon County Court detailed the background of petitioner's

criminal case in its April 11, 2013 opinion denying petitioner's Post Conviction

Relief Act ("PCRA") Petition under 42 Pa.C.S.A. §§9541, *et seq.*, (Doc. 15-

22), and stated as follows:

> On October 5, 2010, the Defendant was convicted of two counts
> of altered or illegally obtained property (disposition of a vehicle)
> and two counts of receiving stolen property. He was sentenced on
> November 24, 2010 to an aggregate sentence of 5 to 14 years.
> This sentence was amended on January 18 , 2011 solely  for  the
> purpose of increasing his RRRI minimum from 45 to 50 months.
> The  Defendant filed a Notice of Appeal on December 23, 2010
> challenging the sufficiency of evidence of his convictions and the
> Trial Court's denial of the request to dismiss charges as Lebanon
> County was the improper venue/jurisdiction. On [] December 22,
> 2011, the Superior Court denied his claims and affirmed the
> judgment of sentence. The Defendant filed a pro se Petition under
> the Post Conviction Relief Act on May 8, 2012. This Court
> appointed Erin Zimmerer, Esquire to represent the Defendant in
> the related proceeding. Attorney Zimmerer filed a Supplemental
> Petition for Post Conviction Relief on September 24, 2012. This
> Court conducted a hearing regarding the Defendant's PCRA
> Petition on October 23, 2012.

After the Lebanon County Court denied petitioner's PCRA Petition on

April 11, 2013, petitioner filed a timely appeal with the PA Superior Court on

May 10, 2013. The Superior Court affirmed the county court's denial of petitioner's PCRA Petition on January 21, 2014. (Doc. 15-25). Petitioner then filed a petition for allowance of appeal with the PA Supreme Court which was denied on August 5, 2014. (Doc. 15-26).

As stated, on August 5, 2015, petitioner filed the instant petition for writ of habeas corpus in which he challenges the jurisdiction of the trial court arguing the crimes were committed in Berks County, PA and not Lebanon County. He also raises a claim of ineffective assistance of trial counsel for allowing him to testify and telling him that "nothing could be used against [him] if [he] took the stand." In its response, respondent argues that the petition should be dismissed as untimely. The petitioner has filed a traverse.

## II.    Discussion

A state prisoner requesting habeas corpus relief pursuant to 28 U.S.C. §2254 must adhere to a statute of limitations that provides, in relevant part, as follows:

> (d)(1) A one-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of - (A) the date on which the judgment became final by the conclusion of direct review or the expiration for seeking such review . . .
>
> (d)(2) The time during which a properly filed application for State post conviction or other collateral review with respect to the pertinent judgment or claim

is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. §2244(d)(1)-(2)(emphasis added); *see generally*, Jones v. Morton, 195 F.3d. 153, 157 (3d Cir. 1999). Thus, under the plain terms of §2244(d)(1)(A), the period of time for filing a habeas corpus petition begins to run when direct review processes are concluded. *See* Harris v. Hutchinson, 209 F.3d 325, 327 (4th Cir. 2000). ("[T]he AEDPA provides that upon conclusion of direct review of a judgment of conviction, the one year period within which to file a federal habeas corpus petition commences, but the running of the period is suspended for the period when state post-conviction proceedings are pending in any state court.")(emphasis in original); Fields v. Johnson, 159 F.3d 914, 916 (5th Cir. 1998)(*per curiam*); Hoggro v. Boone, 150 F.3d 1223, 1226 (10th Cir. 1998). It is not the conclusion of state post-conviction collateral review processes that starts the running of the limitations period. *See* Bunnell v. Yukins, No. 00-CV-73313, 2001 WL 278259, *2 (E.D. Mich. Feb 14, 2001)("Contrary to Petitioner's assertion, the limitations period did not begin to run anew after the completion of his post-conviction proceedings.").

As indicated above, section 2244(d)(2) operates to exclude only the time within which a "properly filed application" for post conviction relief is pending in state court. Thus, when a petition or appeal has concluded and is no longer pending, the one (1) year statute of limitations starts to run and the

time is counted. A "properly filed application" for post conviction relief under §2244(d)(2) is one submitted according to the state's procedural requirements, such as rules governing time and place of filing. Lovasz v. Vaughn, 134 F.3d 146, 148 (3d Cir. 1998). The Third Circuit Court of Appeals has defined "pending" as the time during which a petitioner may seek discretionary state court review, whether or not such review is sought. Swartz v. Meyers, 204 F.3d 417 (3d Cir. 2000). "Pending," however, does not include the period during which a state prisoner may file a petition for writ of certiorari in the United States Supreme Court from the denial of his state post-conviction petition. Stokes v. District Attorney of the County of Philadelphia, No. 99-1493, 2001 WL 387516, at *2 (3d Cir., April 17, 2001). Likewise, the statute of limitations is not tolled under §2244(d)(2) for the time during which a habeas petition is pending in federal court. Jones, 195 F.3d at 158.

The AEDPA statute of limitations also may be subject to equitable tolling. The Third Circuit has held that the federal habeas statute of limitations is subject to equitable tolling only in extraordinary circumstances. *See* Merritt v. Blaine, 326 F.3d 157, 161 (3d Cir. 2003). In *Merritt*, the Court of Appeals set forth two general requirements for equitable tolling: "(1) that the petitioner has in some extraordinary way been prevented from asserting his or her rights; and (2) that the petitioner has shown that he or she exercised reasonable diligence in investigating and bringing the claim." Id. (internal citations and quotations omitted).

## A.   *Statutory Tolling*

In this case, because petitioner did not file a petition for allowance of appeal with the PA Supreme Court after the Superior Court denied his direct appeal and affirmed his judgment of sentence on December 22, 2011, his conviction became final on January 23, 2012, *i.e.*, thirty (30) days after the PA Superior Court's decision. *See* 42 Pa.C.S.A. §9545(b)(3); Pa.R.App.P. 903; Pa.R.Crim.P. 720(a)(3). Also, as respondent notes, since January 21, 2012 was a Saturday, petitioner had until January 23, 2012 to file an appeal with the PA Supreme Court. Thus, the clock for filing a federal habeas petition began running on January 24, 2012, and petitioner then had one year file a timely habeas corpus petition. Burns v. Morton, 134 F.3d 109, 111 (3d Cir. 1998). Petitioner's time period then ran for 105 days until he filed his PCRA Petition on May 8, 2012. His limitations period was then statutorily tolled while his PCRA Petition was pending until August 5, 2014, when the PA Supreme Court denied his petition for allowance of appeal.

The instant petition was not filed until August 5, 2015, 365 days after the PA Supreme Court's order. When the105 days that had previously run are added to the 365 days, that equals 470 days that have run on petitioner's limitations period. Thus, petitioner's habeas petitioner was filed 105 days after the limitations period expired. As such, the petition for habeas corpus relief under §2254 is barred by the statute of limitations, and should be dismissed as untimely, unless the statute of limitations is subject to equitable tolling.

**B.**   *Equitable Tolling*

The court must next examine whether the AEDPA statute of limitations should be equitably tolled to consider the petition timely filed. Robinson v. Johnson, 313 F.3d 128, 134 (3d Cir. 2002), *cert. denied*, 540 U.S. 826, 124 S.Ct. 48, 157 L.Ed.2d 49 (2003)(citing Miller v. New Jersey State Dep't of Corr., 145 F.3d 616, 617–618 (3d Cir.1998). The limitation period may be tolled when the principles of equity would make the rigid application of a limitation period unfair. Holland v. Florida, 560 U.S. 631, 130 S.Ct. 2549, 2560 (2010)("Now, like all 11 Courts of Appeals that have considered the question, we hold that §2254(d) is subject to equitable tolling in appropriate cases."); Satterfield v. Johnson, 434 F.3d 185, 195 (3d Cir.2006); Jones v. Morton, 195 F.3d 153, 159 (3d Cir.1999).

To be entitled to equitable tolling, [petitioner] must show " '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland, 130 S.Ct. at 2562 (quoting Pace, 544 U.S. at 418); Lawrence v. Florida, 549 U.S. 327, (2007) (quoting id.). Courts must be sparing in their use of equitable tolling. Seitzinger v. Reading Hosp. & Med. Ctr., 165 F.3d 236, 239 (3d Cir.1999). In fact, the United States Court of Appeals for the Third Circuit has held that equitable tolling is proper "only in the rare situation where [it] is demanded by sound legal principles as well as the interests of justice." United States v. Midgley, 142 F.3d 174, 179 (3d Cir.1998).

In his habeas petition, petitioner does not state any possible basis for equitable tolling. In his traverse, (Doc. 17), petitioner states that his "habeas petition is not untimely filed since the Lebanon County Court docket indicates that the date on which the PA Supreme Court denied his petition for allowance of appeal was August 29, 2014. Respondent's exhibit (Doc. 15-26) shows that August 5, 2014 was the date when the PA Supreme Court denied his petition for allowance of appeal. Regardless, the additional 24 days petition seeks in his favor does not render his habeas petition timely. Petitioner incorrectly believes that his limitations period under the AEDPA initially began to run when the PA Supreme Court denied his petition for allowance of appeal regarding the denial of his PCRA Petition. As stated, the conclusion of petitioner's post-conviction collateral review process does not start the running of the limitations period. As such, petitioner fails to account for the 105 days that had previously run when he did not have any appeal pending in the state courts.

None of the circumstances which warrant equitable tolling apply in this case to render the instant petition timely because petitioner did not act promptly to preserve his rights in this Court. Fahd, 240 F.3d at 244. Thus, he has failed to allege that some extraordinary circumstance prevented him from asserting his rights in a timely habeas corpus petition and has failed to demonstrate that he exercised reasonable diligence in investigating and bringing his claims. Merritt, 326 F.3d at 168.

In determining whether extraordinary circumstances exist to warrant the application of equitable tolling, this court must also examine Petitioner's due diligence in pursuing the matter under the specific circumstances he faced. Traub v. Folio, No. 04–386, 2004 WL 2252115, at *2 (E.D. Pa. Oct.5, 2004) (citing Schleuter v. Varner, 384 F.3d 69 (3d Cir. 2004)) (affirming dismissal of habeas petition as time barred and not entitled to equitable tolling because lengthy periods of time had elapsed following his conviction before he sought relief). It is petitioner's burden to show that he acted with reasonable diligence and that extraordinary circumstances caused his petition to be untimely. Id. Under the circumstances of this case, petitioner fails to allege any steps that he took to timely file the instant federal habeas petition and was somehow prevented from timely filing. As such, petitioner did not act in a reasonably diligent fashion. Accordingly, the petition is time-barred and will be dismissed.

## III.    Certificate of Appealability

When a district court denies a habeas petition on procedural grounds without reaching the underlying constitutional claims, a certificate of appealability should issue only if (1) the petition states a valid claim for the denial of a constitutional right, and (2) reasonable jurists would find it debatable whether the district court was correct in its procedural ruling. Slack v. McDaniel, 529 U.S. 473, 484 (2000). In this case, reasonable jurists could not disagree that the instant petition is time-barred. It is statutorily barred, and

neither statutory nor equitable tolling apply to the petition.

## IV.   Conclusion

In light of the foregoing, the petition for writ of habeas corpus will be **DISMISSED** as untimely, and the case will be **CLOSED**. An appropriate order will follow.


s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Date: April 6, 2016**

O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2015 MEMORANDA\15-1587-01.wpd